# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FORT SANDERS REGIONAL MEDICAL CENTER )
1901 Clinch Avenue )
Knoxville, Tennessee 37916 )
)
ALEGENT HEALTH - BERGAN MERCY HEALTH )
SYSTEM d/b/a CHI HEALTH MERCY )
COUNCIL BLUFFS )
800 Mercy Drive )
Council Bluffs, Iowa 51503 )
)
ALEGENT HEALTH - BERGAN MERCY HEALTH )       Civil Action No._____
SYSTEM d/b/a BERGAN MERCY MEDICAL CENTER )
7500 Mercy Road )
Omaha, Nebraska 68124 )
)
ALEGENT HEALTH - IMMANUEL MEDICAL )
CENTER d/b/a CHI HEALTH IMMANUEL )
6901 North 72nd Street )
Omaha, Nebraska 68122 )
)
ARMSTRONG COUNTY MEMORIAL HOSPITAL )
One Nolte Drive )
Kittanning, Pennsylvania 16201 )
)
BAYSTATE HEALTH, INC. d/b/a BAYSTATE )
NOBLE HOSPITAL )
115 West Silver Street )
Westfield, Massachusetts 01086 )
)
BAYSTATE MARY LANE HOSPITAL CORPORATION )
85 South Street )
Ware, Massachusetts 01082 )
)
BAYSTATE MEDICAL CENTER, INC. )
759 Chestnut Street )
Springfield, Massachusetts 01199 )
)
BETHESDA HOSPITAL, INC. d/b/a BETHESDA )
NORTH HOSPITAL )
10500 Montgomery Road )
Cincinnati, Ohio 45242 )

BOARD OF TRUSTEES OF THE UNIVERSITY OF    )
ARKANSAS d/b/a UAMS MEDICAL CENTER    )
4301 West Markham Street    )
Little Rock, Arkansas 72205    )
    )
CAMBRIDGE PUBLIC HEALTH COMMISSION d/b/a    )
CAMBRIDGE HEALTH ALLIANCE    )
1493 Cambridge Street    )
Cambridge, Massachusetts 02138    )
    )
CATHOLIC HEALTH INITIATIVES - IOWA, CORP.    )
d/b/a MERCY MEDICAL CENTER - DES MOINES    )
1111 6th Avenue    )
Des Moines, Iowa 50314    )
    )
CATHOLIC HEALTH INITIATIVES COLORADO d/b/a    )
PENROSE/ST. FRANCIS HEALTHCARE    )
2125 North Cascade Avenue    )
Colorado Springs, Colorado 80907    )
    )
CATHOLIC HEALTH INITIATIVES COLORADO    )
d/b/a ST. ANTHONY CENTRAL    )
4321 West 16th Avenue    )
Denver, Colorado 80204    )
    )
CATHOLIC HEALTH INITIATIVES COLORADO    )
d/b/a ST. ANTHONY NORTH    )
2551 West 84th Avenue    )
Westminster, Colorado 80031    )
    )
CATHOLIC HEALTH INITIATIVES COLORADO d/b/a    )
ST. ANTHONY SUMMIT MEDICAL CENTER    )
340 Peak One Drive    )
Frisco, Colorado 80443    )
    )
CATHOLIC HEALTH INITIATIVES COLORADO d/b/a    )
ST. MARY CORWIN MEDICAL CENTER    )
1008 Minnequa Avenue    )
Pueblo, Colorado 81004    )
    )
CHI ST. LUKE'S HEALTH BAYLOR COLLEGE OF    )
MEDICINE MEDICAL CENTER d/b/a CHI ST. LUKE'S    )
HEALTH BAYLOR MEDICAL CENTER    )
6720 Bertner Avenue    )
Houston, Texas 77025    )

2

DLP MEMORIAL MEDICAL CENTER, LLC f/d/b/a  )
MEMORIAL MEDICAL CENTER  )
1086 Franklin Street  )
Johnstown, Pennsylvania 15905  )
)
DLP MINERS MEDICAL CENTER, LLC f/d/b/a  )
MINERS HOSPITAL  )
290 Haida Ave  )
Hastings, Pennsylvania 16646  )
)
FLAGET HEALTHCARE, INC. d/b/a ST. JOE - FLAGET )
4305 New Shepherdsville Road  )
Bardstown, Kentucky 40004  )
)
FORT LOUDON MEDICAL CENTER  )
550 Fort Loudoun Medical Center Drive  )
Lenoir City, Tennessee 37772  )
)
FRANCISCAN HEALTH SYSTEM d/b/a  )
ST. ANTHONY HOSPITAL  )
11567 Canterwood Boulevard N.W.  )
Gig Harbor, Washington 98332  )
)
FRANCISCAN HEALTH SYSTEM d/b/a  )
ST. CLARE HOSPITAL  )
11315 Bridgeport Way S.W.  )
Lakewood, Washington 98003  )
)
FRANCISCAN HEALTH SYSTEM d/b/a  )
ST. FRANCIS HOSPITAL  )
34515 Ninth Avenue South  )
Federal Way, Washington 98003  )
)
FRANCISCAN HEALTH SYSTEM d/b/a  )
ST. JOSEPH MEDICAL CENTER  )
1717 South J Street  )
Tacoma, Washington 98405  )
)
HIGHLINE MEDICAL CENTER  )
16251 Sylvester Road S.W.  )
Burien, Washington 98166  )
)
HOLY REDEEMER HEALTH SYSTEM d/b/a  )
HOLY REDEEMER HOSPITAL  )
1648 Huntingdon Pike  )
Meadowbrook, Pennsylvania 19046  )

JEFFERSON HOSPITAL ASSOCIATION, INC. d/b/a )
JEFFERSON REGIONAL MEDICAL CENTER )
1600 West 40th Avenue )
Pine Bluff, Arkansas 71603 )
)
JEWISH HOSPITAL & ST. MARY'S )
HEALTHCARE, INC. d/b/a JEWISH )
HOSPITAL & ST. MARY'S HEALTH )
539 South 4th Street )
Louisville, Kentucky 40202 )
)
JEWISH HOSPITAL & ST. MARY'S )
HEALTHCARE, INC. d/b/a JEWISH )
HOSPITAL SHELBYVILLE )
727 Hospital Drive )
Shelbyville, Kentucky 40065 )
)
LANCASTER GENERAL HEALTH d/b/a LANCASTER )
GENERAL HOSPITAL )
555 North Duke Street )
Lancaster, Pennsylvania 17604 )
)
LEHIGH VALLEY HEALTH NETWORK d/b/a )
SCHUYKILL MEDICAL CENTER )
420 South Jackson Street )
Pottsville, Pennsylvania 17901 )
)
MAGEE-WOMENS HOSPITAL OF UPMC d/b/a UPMC )
MAGEE-WOMENS HOSPITAL )
300 Halket Street )
Pittsburgh, Pennsylvania 15213 )
)
MEMORIAL HERMANN HEALTH SYSTEM d/b/a )
MEMORIAL HERMANN HOSPITAL SYSTEM )
1635 North Loop West )
Houston, Texas 77074 )
)
MEMORIAL HERMANN HEALTH SYSTEM d/b/a )
MEMORIAL HERMANN KATY HOSPITAL )
23900 Katy Freeway )
Katy, Texas 77494 )

MEMORIAL HERMANN HEALTH SYSTEM d/b/a        )
MEMORIAL HERMANN MEMORIAL CITY              )
MEDICAL CENTER                              )
921 Gessner Road                            )
Houston, Texas 77024                        )
                                            )
MEMORIAL HERMANN HEALTH SYSTEM d/b/a        )
MEMORIAL HERMANN NORTHEAST                  )
18951 North Memorial Drive                  )
Humble, Texas 77338                         )
                                            )
MEMORIAL HERMANN HOSPITAL SYSTEM d/b/a      )
MEMORIAL HERMANN-TEXAS MEDICAL CENTER       )
6411 Fannin Street                          )
Houston, Texas 77030                        )
                                            )
METHODIST MEDICAL CENTER OF OAK RIDGE       )
d/b/a METHODIST MEDICAL CENTER              )
990 Oak Ridge Turnpike                      )
Oak Ridge, Tennessee 37831                  )
                                            )
MORRISTOWN-HAMBLEN HOSPITAL                 )
ASSOCIATION d/b/a                           )
MORRISTOWN-HAMBLEN HOSPITAL                 )
908 West 4th North Street                   )
Morristown, Tennessee 37814                 )
                                            )
MORTON PLANT HOSPITAL ASSOCIATION, INC.     )
d/b/a MORTON PLANT HOSPITAL                 )
300 Pinellas Street                         )
Clearwater, Florida 33756                   )
                                            )
MORTON PLANT HOSPITAL ASSOCIATION, INC.     )
d/b/a NORTH BAY HOSPITAL                    )
6600 Madison Street                         )
New Port Richey, Florida 34652             )
                                            )
ORLANDO HEALTH CENTRAL, INC. d/b/a          )
HEALTH CENTRAL                              )
10000 West Colonial Drive                   )
Ocoee, Florida 34761                        )
                                            )
ORLANDO HEALTH, INC.                        )
1414 Kuhl Avenue                            )
Orlando, Florida 32806                      )

PARKWEST MEDICAL CENTER                          )
9352 Park West Boulevard                         )
Knoxville, Tennessee 37923                       )
                                                 )
PENN STATE HEALTH d/b/a ST. JOSEPH               )
MEDICAL CENTER                                   )
2500 Bernville Road                              )
Reading, Pennsylvania 19605                      )
                                                 )
ROANE COUNTY MEDICAL CENTER d/b/a                )
ROANE MEDICAL CENTER                             )
412 Devonia Street                               )
Harriman, Tennessee 37748                        )
                                                 )
SACRED HEART HOSPITAL OF ALLENTOWN d/b/a          )
SACRED HEART HOSPITAL                            )
421 Chew Street                                  )
Allentown, Pennsylvania 18102                    )
                                                 )
SAINT ELIZABETH REGIONAL MEDICAL CENTER           )
d/b/a CHI HEALTH ST. ELIZABETH                   )
555 South 70th Street                            )
Lincoln, Nebraska 68510                          )
                                                 )
SAINT FRANCIS MEDICAL CENTER d/b/a                )
CHI HEALTH ST. FRANCIS                           )
2620 West Faidley Avenue                         )
Grand Island, Nebraska 68803                     )
                                                 )
SAINT JOSEPH HEALTH SYSTEM, INC. d/b/a            )
ST. JOSEPH HOSPITAL LONDON                       )
1001 Saint Joseph Lane                           )
London, Kentucky 40741                           )
                                                 )
SAINT JOSEPH HEALTH SYSTEM, INC. d/b/a            )
SAINT JOSEPH EAST                                )
150 North Eagle Creek                            )
Lexington, Kentucky 40509                        )
                                                 )
SAINT JOSEPH HEALTH SYSTEM, INC. d/b/a            )
SAINT JOSEPH HOSPITAL                            )
One Saint Joseph Drive                           )
Lexington, Kentucky 40504                        )

SOUTH FLORIDA BAPTIST HOSPITAL, INC.          )
301 North Alexander Street                    )
Plant City, Florida 33563                     )
                                              )
SOUTH LAKE HOSPITAL, INC.                     )
1900 Don Wickham Drive                        )
Clermont, Florida 34711                       )
                                              )
ST. ANTHONY'S HOSPITAL, INC.                  )
1200 7th Avenue North                         )
St. Petersburg, Florida 33705                 )
                                              )
ST. JOSEPH'S HOSPITAL, INC.                   )
3001 West Dr. Martin Luther King Jr. Boulevard )
Tampa, Florida 33607                          )
                                              )
ST. LUKE'S COMMUNITY DEVELOPMENT              )
CORPORATION-SUGAR LAND d/b/a ST. LUKE'S       )
SUGAR LAND HOSPITAL                           )
1317 Lake Pointe Parkway                      )
Sugarland, Texas 77478                        )
                                              )
ST. LUKE'S COMMUNITY HEALTH SERVICES d/b/a    )
ST. LUKE'S THE WOODLANDS HOSPITAL             )
17200 St. Luke's Way                          )
The Woodlands, Texas 77384                    )
                                              )
ST. LUKE'S HEALTH NETWORK, INC. d/b/a         )
ST. LUKE'S HOSPITAL                           )
801 Ostrum Street                             )
Bethlehem, Pennsylvania 18015                 )
                                              )
ST. LUKE'S HOSPITAL AT THE VINTAGE            )
20171 Chasewood Park Drive                    )
Houston, Texas 77070                          )
                                              )
ST. VINCENT INFIRMARY MEDICAL CENTER          )
2 St. Vincent Circle                          )
Little Rock, Arkansas 72205                   )
                                              )
ST. VINCENT INFIRMARY MEDICAL CENTER d/b/a    )
ST. VINCENT NORTH                             )
2215 Wildwood Avenue                          )
Sherwood, Arkansas 72120                      )

THE GOOD SAMARITAN HOSPITAL OF                )
CINCINNATI, OHIO d/b/a GOOD                         )
SAMARITAN HOSPITAL                                       )
375 Dixmyth Avenue                                            )
Cincinnati, Ohio 45220                                         )
                                                                             )
TRUSTEES OF MEASE HOSPITAL, INC. d/b/a MEASE  )
HOSPITAL AND CLINICS                                   )
601 Main Street                                                   )
Dunedin, Florida 34698                                        )
                                                                             )
TRUSTEES OF MEASE HOSPITAL, INC. d/b/a MEASE  )
HOSPITAL COUNTRYSIDE                                )
3231 McMullen Booth Road                                  )
Safety Harbor, Florida 34695                                )
                                                                             )
UPMC ALTOONA d/b/a ALTOONA REGIONAL       )
HEALTH SYSTEM                                                )
620 Howard Avenue                                              )
Altoona, Pennsylvania 16601                                 )
                                                                             )
UPMC HAMOT d/b/a HAMOT MEDICAL CENTER   )
201 State Street                                                    )
Erie, Pennsylvania 16550                                      )
                                                                             )
UPMC HORIZON                                                  )
110 North Main Street                                           )
Greenville, Pennsylvania 16125                             )
                                                                             )
UPMC JAMESON f/k/a JAMESON                            )
MEMORIAL HOSPITAL                                        )
1211 Wilmington Avenue                                      )
New Castle, Pennsylvania 16105                           )
                                                                             )
UPMC MCKEESPORT d/b/a UPMC                        )
MCKEESPORT HOSPITAL                                   )
1500 Fifth Avenue                                                )
McKeesport, Pennsylvania 15132                          )
                                                                             )
UPMC MERCY d/b/a UPMC MERCY HOSPITAL    )
1400 Locust Street                                                )
Pittsburgh, Pennsylvania 15219                             )
                                                                             )
UPMC NORTHWEST                                            )
100 Fairfield Drive                                               )
Seneca, Pennsylvania 16346                                  )

UPMC PRESBYTERIAN SHADYSIDE HOSPITAL )
d/b/a UPMC PRESBYTERIAN                )
200 Lothrop Street                     )
Pittsburgh, Pennsylvania 15213         )
                                       )
UPMC ST. MARGARET                      )
815 Freeport Road                      )
Pittsburgh, Pennsylvania 15215         )
                                       )
WINTER HAVEN HOSPITAL, INC.            )
200 Avenue F, N.E.                     )
Winter Haven, Florida 33881            )
                                       )
        Plaintiffs,       )
                                       )
    v.                             )
                                       )
ALEX M. AZAR, Secretary,               )
United States Department of            )
Health and Human Services,             )
200 Independence Ave. S.W.             )
Washington, District of Columbia 20201, )
                                       )
        Defendant.        )
_____ )

## COMPLAINT FOR JUDICIAL REVIEW AND DECLARATORY AND INJUNCTIVE RELIEF UNDER THE MEDICARE ACT

### NATURE OF ACTION

1.    This case concerns the proper treatment in the calculation of the Medicare disproportionate share hospital ("DSH") payment of inpatient hospital days for patients who were enrolled in a Medicare Advantage plan under part C of the Medicare Act. The ultimate issue is whether Medicare "enrollees in Part C are 'entitled to benefits' under Part A, such that they should be counted in the Medicare [part A/SSI] fraction [one part of the DSH payment formula], or whether, if not regarded as 'entitled to benefits under Part A,' they should instead be included in the Medicaid fraction [the second part of the DSH payment calculus]." *Allina Health*

*Services v. Sebelius*, 746 F.3d 1102, 1105 (D.C. Cir. 2014) ("*Allina I*"). In *Allina I*, the D.C. Circuit affirmed this Court's decision declaring invalid and vacating a procedurally invalid rule, adopted in 2004, which changed the defendant Secretary's policy on the treatment of part C days to include them in the Medicare part A/SSI fraction and exclude them from the numerator of the Medicaid fraction used to calculate the DSH payment. *Id.* at 1111.

2.     The Court of Appeals recently issued another decision in the *Allina* litigation, ruling that the Secretary's continued application after *Allina I* of the part C days policy adopted in the 2004 rule is a procedurally invalid "change" from the rule in effect before the now-vacated 2004 rulemaking because the Secretary did not engage in the notice-and-comment rulemaking procedure required under the Medicare Act, 42 U.S.C. § 1395hh. *Allina Health Servs. v. Price*, 863 F.3d 937, 944 (D.C. Cir. 2017) ("*Allina II*").

3.     Although the D.C. Circuit has now twice ruled against the Secretary's 2004 policy, the Secretary has not acquiesced in either of those decisions. Instead, the Secretary's agency has continued to apply the part C days policy adopted in the now-vacated 2004 rule, including in the payment determinations at issue for the plaintiff hospitals in this case.

4.     The continued application of the 2004 rule and the part C policy adopted in that rule is both procedurally invalid, as the D.C. Circuit has now twice ruled, and is substantively invalid as well. The part C policy adopted in the 2004 rule and applied here fails any test of reasoned decision-making and is inconsistent with congressional intent. The plaintiff hospitals, therefore, seek an order setting aside the Secretary's DSH payment determinations and directing the Secretary to recalculate the plaintiff hospitals' DSH payments by excluding part C days from the Medicare part A/SSI fraction and including the Medicaid-eligible portion of those days in the numerator of the Medicaid fraction.

## JURISDICTION AND VENUE

5.    This action arises under the Medicare Act, Title XVIII of the Social Security Act, 42 U.S.C. § 1395 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.

6.    Jurisdiction is proper under 42 U.S.C. § 1395oo(f)(l).

7.    Venue is proper in this judicial district under 42 U.S.C. § 1395oo(f)(l).

## PARTIES

8.    The plaintiff hospitals in this action and hospital fiscal years at issue are as follows, except for fiscal years ending after September 30, 2013, for which the matter at issue involves only patient discharges that occurred on or before that date:

(1)    Alegent Health - Bergan Mercy Health System d/b/a CHI Health Mercy Council Bluffs, Provider No. 16-0028, fiscal years ending June 30, 2011, and June 30, 2012;

(2)    Alegent Health - Bergan Mercy Health System d/b/a Bergan Mercy Medical Center, Provider No. 28-0060, fiscal years ending June 30, 2011, and June 30, 2012;

(3)    Alegent Health - Immanuel Medical Center d/b/a CHI Health Immanuel, Provider No. 28-0081, fiscal years ending June 30, 2011, and June 30, 2012;

(4)    Armstrong County Memorial Hospital, Provider No. 39-0163, fiscal year ending June 30, 2014;

(5)    Baystate Health, Inc. d/b/a Baystate Noble Hospital, Provider No. 22-0065, fiscal year ending September 30, 2013;

(6)    Baystate Mary Lane Hospital Corporation, Provider No. 22-0050, fiscal years ending September 30, 2011, September 30, 2012, and September 30, 2013;

(7)    Baystate Medical Center, Inc., Provider No. 22-0077, fiscal years ending September 30, 2011, September 30, 2012, and September 30, 2013;

(8)    Bethesda Hospital, Inc. d/b/a Bethesda North Hospital, Provider No. 36-0179, fiscal years ending June 30, 2011, and June 30, 2012;

(9)    Board of Trustees of the University of Arkansas d/b/a UAMS Medical Center, Provider No. 04-0016, fiscal year ending June 30, 2014;

(10) Cambridge Public Health Commission d/b/a Cambridge Health Alliance, Provider No. 22-0011, fiscal year ending June 30, 2014;

(11) Catholic Health Initiatives - Iowa, Corp. d/b/a Mercy Medical Center - Des Moines, Provider No. 16-0083, fiscal years ending June 30, 2011, and June 30, 2012;

(12) Catholic Health Initiatives Colorado d/b/a Penrose/St. Francis Healthcare, Provider No. 06-0031, fiscal years ending June 30, 2011, and June 30, 2012;

(13) Catholic Health Initiatives Colorado d/b/a St. Anthony Central, Provider No. 06-0015, fiscal years ending June 30, 2011, and June 30, 2012;

(14) Catholic Health Initiatives Colorado d/b/a St. Anthony North, Provider No. 06-0104, fiscal years ending June 30, 2011, and June 30, 2012;

(15) Catholic Health Initiatives Colorado d/b/a St. Anthony Summit Medical Center, Provider No. 06-0118, fiscal year ending June 30, 2012;

(16) Catholic Health Initiatives Colorado d/b/a St. Mary Corwin Medical Center, Provider No. 06-0012, fiscal years ending June 30, 2011, and June 30, 2012;

(17) CHI St. Luke's Health Baylor College of Medicine Medical Center d/b/a CHI St. Luke's Health Baylor Medical Center, Provider No. 45-0193, fiscal years ending December 31, 2011, and December 31, 2012;

(18) DLP Memorial Medical Center, LLC f/d/b/a Memorial Medical Center, Provider No. 39-0110, fiscal year ending June 30, 2014;

(19) DLP Miners Medical Center, LLC f/d/b/a Miners Hospital, Provider No. 39-0130, fiscal year ending June 30, 2014;

(20) Flaget Healthcare, Inc. d/b/a St. Joe - Flaget, Provider No. 18-0025, fiscal years ending June 30, 2011, and June 30, 2012;

(21) Fort Loudon Medical Center, Provider No. 44-0110, fiscal year ending December 31, 2013;

(22) Fort Sanders Regional Medical Center, Provider No. 44-0125, fiscal year ending December 31, 2013;

(23) Franciscan Health System d/b/a St. Anthony Hospital, Provider No. 50-0151, fiscal year ending June 30, 2012;

(24) Franciscan Health System d/b/a St. Clare Hospital, Provider No. 50-0021, fiscal years ending June 30, 2011, and June 30, 2012;

(25)    Franciscan Health System d/b/a St. Francis Hospital, Provider No. 50-0141, fiscal years ending June 30, 2011, and June 30, 2012;

(26)    Franciscan Health System d/b/a St. Joseph Medical Center, Provider No. 50-0108, fiscal years ending June 30, 2011, and June 30, 2012;

(27)    Highline Medical Center, Provider No. 50-0011, fiscal years ending December 31, 2011, and December 31, 2012;

(28)    Holy Redeemer Health System d/b/a Holy Redeemer Hospital, Provider No. 39-0097, fiscal year ending June 30, 2014;

(29)    Jefferson Hospital Association, Inc. d/b/a Jefferson Regional Medical Center, Provider No. 04-0071, fiscal year ending June 30, 2014;

(30)    Jewish Hospital & St. Mary's Healthcare, Inc. d/b/a Jewish Hospital & St. Mary's Health, Provider No. 18-0040, fiscal years ending December 31, 2011, and June 30, 2012;

(31)    Jewish Hospital & St. Mary's Healthcare, Inc. d/b/a Jewish Hospital Shelbyville, Provider No. 18-0016, fiscal year ending December 31, 2011;

(32)    Lancaster General Health d/b/a Lancaster General Hospital, Provider No. 39-0100, fiscal year ending June 30, 2014;

(33)    Lehigh Valley Health Network d/b/a Schuykill Medical Center, Provider No. 39-0030, fiscal year ending June 30, 2014;

(34)    Magee-Womens Hospital of UPMC d/b/a UPMC Magee-Womens Hospital, Provider No. 39-0114, fiscal year ending June 30, 2014;

(35)    Memorial Hermann Health System d/b/a Memorial Hermann Hospital System, Provider No. 45-0184, fiscal years ending June 30, 2012, and June 30, 2013;

(36)    Memorial Hermann Health System d/b/a Memorial Hermann Katy Hospital, Provider No. 45-0847, fiscal years ending December 31, 2012, and December 31, 2013;

(37)    Memorial Hermann Health System d/b/a Memorial Hermann Memorial City Medical Center, Provider No. 45-0610, fiscal years ending June 30, 2012, and June 30, 2013;

(38)    Memorial Hermann Health System d/b/a Memorial Hermann Northeast, Provider No. 45-0684, fiscal years ending December 31, 2012, and December 31, 2013;

(39)  Memorial Hermann Hospital System d/b/a Memorial Hermann-Texas Medical Center, Provider No. 45-0068, fiscal years ending June 30, 2012, and June 30, 2013;

(40)  Methodist Medical Center of Oak Ridge d/b/a Methodist Medical Center, Provider No. 44-0034, fiscal year ending December 31, 2013;

(41)  Morristown-Hamblen Hospital Association d/b/a Morristown-Hamblen Hospital, Provider No. 44-0030, fiscal year ending June 30, 2013;

(42)  Morton Plant Hospital Association, Inc. d/b/a Morton Plant Hospital, Provider No. 10-0127, fiscal year ending December 31, 2013;

(43)  Morton Plant Hospital Association, Inc. d/b/a North Bay Hospital, Provider No. 10-0063, fiscal year ending December 31, 2013;

(44)  Orlando Health Central, Inc. d/b/a Health Central, Provider No. 10-0030, fiscal year ending September 30, 2013;

(45)  Orlando Health, Inc., Provider No. 10-0006, fiscal year ending September 30, 2013;

(46)  Parkwest Medical Center, Provider No. 44-0173, fiscal year ending August 31, 2013;

(47)  Penn State Health d/b/a St. Joseph Medical Center, Provider No. 39-0096, fiscal years ending June 30, 2011, and June 30, 2012;

(48)  Roane County Medical Center d/b/a Roane Medical Center, Provider No. 44-0031, fiscal year ending June 30, 2013;

(49)  Sacred Heart Hospital of Allentown d/b/a Sacred Heart Hospital, Provider No. 39-0197, fiscal year ending June 30, 2014;

(50)  Saint Elizabeth Regional Medical Center d/b/a CHI Health St. Elizabeth, Provider No. 28-0020, fiscal years ending June 30, 2011, and June 30, 2012;

(51)  Saint Francis Medical Center d/b/a CHI Health St. Francis, Provider No. 28-0023, fiscal years ending June 30, 2011, and June 30, 2012;

(52)  Saint Joseph Health System, Inc. d/b/a St. Joseph Hospital London, Provider No. 18-0011, fiscal years ending June 30, 2011, and June 30, 2012;

(53)  Saint Joseph Health System, Inc. d/b/a Saint Joseph East, Provider No. 18-0143, fiscal years ending June 30, 2011, and June 30, 2012;

(54)   Saint Joseph Health System, Inc. d/b/a Saint Joseph Hospital, Provider No. 18-0010, fiscal years ending June 30, 2011, and June 30, 2012;

(55)   South Florida Baptist Hospital, Inc., Provider No. 10-0132, fiscal year ending December 31, 2013;

(56)   South Lake Hospital, Inc., Provider No. 10-0051, fiscal year ending September 30, 2013;

(57)   St. Anthony's Hospital, Inc., Provider No. 10-0067, fiscal year ending December 31, 2013;

(58)   St. Joseph's Hospital, Inc., Provider No. 10-0075, fiscal year ending December 31, 2013;

(59)   St. Luke's Community Development Corporation-Sugar Land d/b/a St. Luke's Sugar Land Hospital, Provider No. 67-0053, fiscal year ending December 31, 2012;

(60)   St. Luke's Community Health Services d/b/a St. Luke's The Woodlands Hospital, Provider No. 45-0862, fiscal years ending December 31, 2011, and December 31, 2012;

(61)   St. Luke's Health Network, Inc. d/b/a St. Luke's Hospital, Provider No. 39-0049, fiscal year ending June 30, 2014;

(62)   St. Luke's Hospital at The Vintage, Provider No. 67-0075, fiscal years ending December 31, 2011, and December 31, 2012;

(63)   St. Vincent Infirmary Medical Center, Provider No. 04-0007, fiscal years ending June 30, 2011, and June 30, 2012;

(64)   St. Vincent Infirmary Medical Center d/b/a St. Vincent North, Provider No. 04-0137, fiscal years ending June 30, 2011, and June 30, 2012;

(65)   The Good Samaritan Hospital of Cincinnati, Ohio d/b/a Good Samaritan Hospital, Provider No. 36-0134, fiscal years ending June 30, 2011, and June 30, 2012;

(66)   Trustees of Mease Hospital, Inc. d/b/a Mease Hospital and Clinics, Provider No. 10-0043, fiscal year ending December 31, 2013;

(67)   Trustees of Mease Hospital, Inc. d/b/a Mease Hospital Countryside, Provider No. 10-0265, fiscal year ending December 31, 2013;

(68)   UPMC Altoona d/b/a Altoona Regional Health System, Provider No. 39-0073, fiscal year ending June 30, 2014;

(69)    UPMC Hamot d/b/a Hamot Medical Center, Provider No. 39-0063, fiscal year ending June 30, 2014;

(70)    UPMC Horizon, Provider No. 39-0178, fiscal year ending June 30, 2014;

(71)    UPMC Jameson f/k/a Jameson Memorial Hospital, Provider No. 39-0016, fiscal year ending June 30, 2014;

(72)    UPMC McKeesport d/b/a UPMC McKeesport Hospital, Provider No. 39-0002, fiscal year ending June 30, 2014;

(73)    UPMC Mercy d/b/a UPMC Mercy Hospital, Provider No. 39-0028, fiscal year ending June 30, 2014;

(74)    UPMC Northwest, Provider No. 39-0091, fiscal year ending June 30, 2014;

(75)    UPMC Presbyterian Shadyside Hospital d/b/a UPMC Presbyterian, Provider No. 39-0164, fiscal year ending June 30, 2014;

(76)    UPMC St. Margaret, Provider No. 39-0102, fiscal year ending June 30, 2014; and

(77)    Winter Haven Hospital, Inc., Provider No. 10-0052, fiscal year ending December 31, 2013.

9.    The defendant is Alex M. Azar, in his official capacity as Secretary of the United States Department of Health and Human Services ("Secretary"), the federal agency that administers the Medicare program.  References to the Secretary herein are meant to refer to him, to his subordinates, and to his official predecessors or successors as the context requires.

10.    The Centers for Medicare & Medicaid Services ("CMS") is the component of the Secretary's agency with responsibility for day-to-day operation and administration of the Medicare program.  CMS was formerly known as the Health Care Financing Administration.  References to CMS herein are meant to refer to the agency and its predecessors.

## LEGAL AND REGULATORY BACKGROUND

### Medicare DSH Payment

11.     Part A of the Medicare Act covers "inpatient hospital services." 42 U.S.C. § 1395d(a)(l).  Since 1983, the Medicare program has paid most hospitals for the operating costs of inpatient hospital services under the prospective payment system ("PPS").  42 U.S.C. § 1395ww(d); 42 C.F.R. Part 412.  Under PPS, Medicare pays predetermined, standardized amounts per discharge, subject to certain payment adjustments.  *Id.*  One of the PPS payment adjustments is the DSH payment.  *See* 42 U.S.C. § 1395ww(d)(5)(F); 42 C.F.R. § 412.106.

12.     A hospital that serves a disproportionate share of low-income patients is entitled to an upward percentage adjustment to the standard PPS rates per discharge.  *See* 42 U.S.C. § 1395ww(d)(5)(F); *see also* 42 C.F.R. § 412.106.  A hospital may qualify for a DSH adjustment based on its "disproportionate patient percentage."  *See* 42 U.S.C. §§ 1395ww(d)(5)(F)(i)(I) and (d)(5)(F)(v); 42 C.F.R. § 412.106(c)(1).  The disproportionate patient percentage determines both a hospital's qualification for the DSH payment and the amount of the payment.  *See* 42 U.S.C. §§ 1395ww(d)(5)(F)(iv) and (vii)-(xiii); 42 C.F.R. § 412.106(d).  The disproportionate patient percentage is defined as the sum of two fractions expressed as percentages.  42 U.S.C. § 1395ww(d)(5)(F)(vi).

13.     The first fraction that is used to compute the DSH payment is commonly known as the "Medicaid fraction."  The statute defines the Medicaid fraction as:

> the fraction (expressed as a percentage), the numerator of which is the number of the hospital's patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State plan approved under [the Medicaid statute, title XIX of the Social Security Act], but who were *not entitled to benefits under part A* of [the Medicare statute, title  XVIII of the Social Security Act], and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (emphasis added).  As reflected in the italicized language above, the numerator of the Medicaid fraction consists of days for patients who were both eligible for medical assistance under the Medicaid statute and "not entitled to benefits under part A" of the Medicare statute.

14.    The other fraction that is used to compute the DSH payment is the "Medicare part A/SSI fraction" or "SSI fraction."  The statute defines this fraction as:

> the fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which were made up of patients who (for such days) were *entitled to benefits under part A* of [the Medicare statute] and were entitled to supplemental security income benefits (excluding any State supplementation) . . . , and the denominator of which is the number of such hospital's patient days for such fiscal year which were made up of patients who (for such days) were *entitled to benefits under part A* of [the Medicare statute]...

42 U.S.C. § 1395ww(d)(5)(F)(vi)(I) (emphasis added).  As the italicized language indicates, the Medicare part A/SSI fraction consists solely of days for patients who were "entitled to benefits under part A" of Medicare.  The denominator includes all Medicare part A days, whereas the numerator includes only those part A days for patients who are also entitled to social security income ("SSI") benefits under title XVI of the Social Security Act.  The Medicare part A/SSI fraction is computed for each federal fiscal year by CMS, and must be used to compute a hospital's DSH payment for the cost reporting period beginning in the federal fiscal year.  42 C.F.R. §§ 412.106(b)(2)-(3).

## Medicare Part C

15.    Section 4001 of the Balanced Budget Act of 1997, Pub. Law No. 105-33, added a new part C to the Medicare statute to establish a Medicare program that was originally called the Medicare+Choice program and is now called Medicare Advantage.  A Medicare beneficiary can elect to receive Medicare benefits either through the original fee-for-service program under Medicare parts A and B, or through enrollment in a Medicare Advantage plan under Medicare

part C.  42 U.S.C. § 1395w-21(a)(1); 42 C.F.R. § 422.50; *see also* 63 Fed. Reg. 34,968, 34,968 (June 26, 1998) ("Under section 1851(a)(1), every individual entitled to Medicare Part A and enrolled under Part B ... may elect to receive benefits through *either* the existing Medicare fee-for-service program or a Part C M+C plan.") (emphasis added).

16.     Prior to the 2004 rulemaking at issue, in which the agency attempted to adopt a new policy on the treatment of part C days in the Medicare DSH payment calculation, "the Secretary treated Part C patients as *not* entitled to benefits under Part A." *Allina I*, 746 F.3d at 1106.  The pre-2004 regulation limited the Medicare part A/SSI fraction to Medicare patient days that were covered, or paid, by Medicare part A and included other Medicare patient days (not covered under part A) in the numerator of the Medicaid fraction to the extent that those patients were also eligible for Medicaid.  *See* 42 C.F.R. § 412.106(b)(2)(i) (2003); *see also* 42 C.F.R. § 409.3 (defining "covered" as  services for which payment is authorized).  As the Secretary explained when he adopted it, the pre-2004 regulation mandated that only "covered Medicare Part A inpatient days" be included in the part A/SSI fraction.  51 Fed. Reg. 16,772, 16,788 (May 6, 1986); *see also* 51 Fed. Reg. 31,454, 31,460-61 (Sept. 3, 1986) (stating that limiting the Medicaid fraction to days where "the Medicaid program is the primary payor" was "consistent with" the part A/SSI fraction being limited to "covered days"); *Catholic Health Initiatives-Iowa Corp. v. Sebelius*, 718 F.3d 914, 921 n.5 (D.C. Cir. 2013) (noting that the pre-2004 regulation unambiguously limited the part A/SSI fraction to "covered Medicare Part A inpatient days").

17.     Further, written guidance prior to 2004 repeatedly expressed the Secretary's policy that part C days, as days for which patients were not entitled to part A payment, were to be excluded from the part A/SSI fraction.  This guidance included instructions to hospitals and

program memoranda transmitting the part A/SSI fractions on an annual basis.  *See, e.g.*, *Northeast Hosp. Corp. v. Sebelius*, 657 F.3d 1, 15 (D.C. Cir. 2011) (describing written guidance).

18.    The agency's consistent policy and practice, before the adoption of the 2004 rule, was to treat part C days as *not* part A days.  *Northeast Hosp.*, 657 F.3d at 16-17 (policy announced in 2004 "contradicts [Secretary's] former practice of excluding M+C days from the Medicare fraction"); *Sw. Consulting DSH Medicare + Choice Days Grps. v. BlueCross BlueShield Ass'n,* PRRB Dec. No. 2010–D52, 2010 WL 4211391, at *12 (Sept. 30, 2010), *reprinted in* MEDICARE & MEDICAID GUIDE (CCH) ¶ 82,679 (reviewing evidence that from 1999 to 2004, the Secretary "never count[ed] M+C days in the [Medicare] fraction except rarely, and then by mistake").

19.    In a 2003 proposed rule, the Secretary proposed "to clarify" his long-held position that "once a beneficiary elects Medicare Part C, those patient days attributable to the beneficiary should not be included in the Medicare fraction of the DSH patient percentage."  68 Fed. Reg. 27,154, 27,208 (May 19, 2003).  Further, the agency explained that "[t]hese days should be included in the count of total patient days in the Medicaid fraction (the denominator), and the patient's days for a [part C] beneficiary who is also eligible for Medicaid would be included in the numerator of the Medicaid fraction."  *Id*.  The Secretary explained that "once a beneficiary has elected to join a Medicare Advantage plan, that beneficiary's benefits are no longer administered under Part A."  *Id.*

20.    In the preamble to a final rule adopted in 2004, however, the Secretary reversed course and "abruptly announced a change in policy."  *Allina Health Servs. v. Sebelius*, 904 F. Supp. 2d 75, 78 (D.D.C. 2012), *aff'd*, 746 F.3d at 1107-10.  That 2004 rule announced that the Secretary would "adopt a policy" to include part C days in the Medicare part A/SSI fraction and

exclude them from the Medicaid fraction effective October 1, 2004.  69 Fed. Reg. 48,916, 49,099 (Aug. 11, 2004); *see also Northeast Hosp.*, 657 F.3d at 16 ("[I]n the 2004 rulemaking [the Secretary] announced that she was 'adopting a policy' of counting [part C] days in the Medicare fraction").

21.    In the 2004 final rule, the Secretary amended the regulation text by deleting the word "covered."  69 Fed. Reg. at 49,246.  When CMS initially transmitted the part A/SSI fractions for federal fiscal years 2005 and 2006, however, those fractions continued to exclude part C days.  *See* CMS Pub. 100-04, Transmittal 1091 (Oct. 27, 2006), *reprinted in* MEDICARE & MEDICAID GUIDE (CCH) ¶ 156,277 (transmitting federal fiscal year 2005 part A/SSI fractions and specifying that the fractions include only "covered Medicare days," and referring to the ratio of SSI days and "covered Medicare days" as "the ratio of Medicare Part A patient days attributable to SSI recipients"); CMS Pub. 100-04, Transmittal 1396 (Dec. 14, 2007), *reprinted in id*. ¶ 156,930 (same for federal fiscal year 2006 fractions).

22.    In July 2007, CMS issued a revision to a Medicare program manual, with a "purported 'effective date' of October 1, 2006," that permitted hospitals to submit the data necessary to implement the new policy regarding part C days.  *Allina Health Servs.*, 904 F. Supp. 2d at 82.  Thereafter, in August 2007, the Secretary further amended the text of the DSH regulation governing part C days without affording hospitals prior notice or opportunity for comment.  72 Fed. Reg. 47,130, 47,384 (Aug. 22, 2007).  Following the amendments in 2004 and 2007, the regulation provided that the part A/SSI fraction includes all patient days (not just "covered" days) for "patients entitled to Medicare Part A (*or Medicare Advantage (Part C)*)." *Id*. at 47,411 (amending §§ 412.106(b)(2)(i)(B) and (iii)(B)) (emphasis added).  The amendment

of the regulation was made effective October 1, 2007, the beginning of federal fiscal year 2008. *Id.* at 47,130; *see also Allina Health Servs.*, 904 F. Supp. 2d at 82.

The <i>Allina I</i> Litigation

23.    In July 2009, the Secretary first published part A/SSI fractions for hospital cost reporting periods beginning in federal fiscal year 2007.  These fractions for the first time included part C days.

24.    In *Allina I*, hospitals challenged the applicability of the 2004 rule on the treatment of part C days in the DSH payment calculation for cost reporting periods beginning in federal fiscal year 2007, contending, among other things, that the abrupt reversal in policy did not meet notice and comment requirements and was not the product of reasoned decision making because the agency failed to acknowledge or explain its departure from past policy.

25.    This Court agreed and held that the policy announced in the 2004 final rule regarding part C days was not the logical outgrowth of the 2003 proposed rule.  904 F. Supp. 2d at 89-92.  This Court also held that the "cursory explanation in the 2004 Final Rule failed to meet the requirements of the APA" because "the Secretary[] fail[ed] to acknowledge her 'about-face,'" and "her reasoning for the change was brief and unconvincing."  *Id.* at 93 (quoting *Northeast Hosp.*, 657 F.3d at 15).  Accordingly, this Court concluded that "[t]he portion of the 2004 Final Rule … that announced the Secretary's interpretation of the Medicare Disproportionate Share Hospital Fraction, as codified in 2007 at 42 C.F.R. § 412.106(b)(2) and as further modified in 2010, will be vacated, and the case will be remanded to the Secretary for further action consistent with this Opinion."  *Id.* at 95.

26.    While the Secretary's appeal from this Court's decision in *Allina I* was pending before the Court of Appeals, the agency engaged in a new rulemaking on the treatment of part C days effective only prospectively, beginning October 1, 2013.  In that rulemaking, the agency

"proposed to readopt the policy of counting the days of patients enrolled in [part C] plans in the Medicare fraction" "in an abundance of caution."  78 Fed. Reg. 50,496, 50,615 (Aug. 19, 2013). Accordingly, effective as of October 1, 2013, the rule governing the DSH calculation is the same as the 2004 rule had been.  *See id.* at 50,619 (rule "readopt[ion]" applies to "FY 2014 and subsequent years" only).

27.    On April 1, 2014, the D.C. Circuit affirmed this Court's *Allina I* decision on the merits, "agree[ing] with the district court that the Secretary's final rule was not a logical outgrowth of the proposed rule."  746 F.3d at 1109.  Because this procedural failure was a sufficient basis to vacate the rule, the D.C. Circuit did not reach the arbitrariness of the Secretary's explanation.  *Id.* at 1111.

28.    With respect to remedy, the D.C. Circuit held that this Court "correctly concluded that vacatur was warranted."  *Id.*  The court reversed, however, a part of this Court's order that required "the Secretary to recalculate the hospitals' reimbursements 'without using the interpretation set forth in the 2004 Final Rule.'"  *Id.* (quoting the Post-Judgment Order).  The Court of Appeals instead remanded, noting that the "question whether the Secretary could reach the same result" on remand as would have applied under the vacated rule "was not before the district court" and therefore this Court should have simply "remand[ed] after identifying the error."  *Id.* at 1111.

### The *Allina II* Litigation

29.    In mid-June 2014, the agency published part A/SSI fractions for Federal fiscal year 2012, including part C days for all hospitals in the country.  The agency provided no explanation at all for its decision to include part C days in the part A/SSI fractions for fiscal year 2012 but instead issued those fractions just as it had for prior years, either applying the 2004 rule as if the vacatur of that rule in *Allina I* never happened, or issuing a new rule without notice-and-

comment rulemaking.  Certain plaintiff hospitals in the *Allina I* litigation filed a separate action in this court challenging the 2014 determination.  The Secretary moved to dismiss the action, asserting that his Board incorrectly granted expedited judicial review in that case, but this court rejected that motion.  This court then granted the Secretary's motion for summary judgment. *Allina Health Servs. v. Burwell*, 201 F. Supp. 3d 94 (D.D.C. 2016), which the hospitals appealed.

30.    The Court of Appeals recently issued its decision in *Allina II*, agreeing with the hospitals that the Secretary "violated the Medicare Act by failing to provide for notice and comment" before readopting the 2004 policy.  *Allina II*, 863 F.3d at 942.  The Court of Appeals concluded that the Medicare Act, 42 U.S.C. § 1395hh(a)(2) required rulemaking for any "(1) 'rule, requirement, or other statement of policy' that (2) 'establishes or changes' (3) a 'substantive legal standard' that (4) governs 'payment for services," and that the Secretary's issuance of the fiscal year 2012 part A/SSI fractions including part C days satisfied each of these factors.  *Id.*  The Court also found that the Secretary violated another provision of the Medicare Act, 42 U.S.C. § 1395hh(a)(4), which provides that "if a regulation includes 'a provision that is not a logical outgrowth of a previously published notice of proposed rulemaking,' that provision may not become legally operative until it has gone through notice-and-comment rulemaking." *Id.* at 945.

31.    On November 29, 2017, the Court of Appeals denied the Secretary's petition for rehearing or rehearing *en banc* in *Allina II*.  On April 27, 2018, the Secretary filed a petition for *certiorari* to the Supreme Court.

### Review of Medicare Payment Determinations

32.    After the close of each fiscal year, a hospital is required to file a "cost report" with a Medicare Administrative Contractor designated by the Secretary.  42 C.F.R. §§ 413.20, 413.24.

33.    The Medicare Administrative Contractor analyzes a hospital's cost report and issues a year-end determination as to the amount of Medicare program reimbursement due the hospital for services furnished to Medicare patients during the fiscal year covered by the cost report. *See* 42 C.F.R. § 405.1803; *see also In re Medicare Reimbursement Litig.,* 309 F. Supp. 2d 89, 92 (D.D.C. 2004), *aff'd,* 414 F.3d 7 (D.C. Cir. 2005).

34.    A hospital may appeal a Medicare Administrative Contractor's determination as to the total amount of Medicare program reimbursement due the hospital for the fiscal year covered by a cost report to the Secretary's Provider Reimbursement Review Board. *See* 42 U.S.C. § 1395oo(a)(1); 42 C.F.R. §§ 405.1835–405.1877.

35.    A hospital has the right to a hearing before the Provider Reimbursement Review Board if it is dissatisfied with the contractor's payment determination in a Notice of Program Reimbursement as to the total amount of program reimbursement due to the hospital for its cost reporting period. 42 U.S.C. § 1395oo(a)(1); *see also* 42 C.F.R. § 405.1835. The statute further requires a minimum amount in controversy and that the appeal be filed timely. 42 U.S.C. § 1395oo(a).

36.    The Medicare statute authorizes the Provider Reimbursement Review Board to determine that it is without authority to decide the question of law or regulations relevant to a matter in controversy in an appeal before the Board and grant the right to expedited judicial review. 42 U.S.C. § 1395oo(f)(1). Pursuant to the Secretary's regulations, the Board is bound by agency rules and rulings, like the 2004 rule at issue. 42 C.F.R. § 405.1867. If the Board determines that expedited judicial review is appropriate, then the hospital may commence a civil action in this Court within 60 days of the date on which the hospital receives notification of the Board's determination. *Id.*

## FACTS SPECIFIC TO THIS CASE

37.    Each of the 77 plaintiff hospitals received a notice of program reimbursement including a final DSH payment determination for each of the cost reporting periods at issue.

38.    Each of the plaintiff hospitals timely appealed the calculation of its Medicare DSH payment to the Provider Reimbursement Review Board.

39.    Each of the plaintiff hospitals was a participant in a "group" appeal to the Provider Reimbursement Review Board contesting the determination of the DSH payment amount due for the fiscal years at issue on the ground that it wrongly counted Medicare part C days in the Medicare part A/SSI fraction and excluded them from the numerator of the Medicaid fraction.

40.    The plaintiff hospitals requested that the Board grant expedited judicial review with respect to the DSH part C issue pending in the group appeal at issue.

41.    In letters dated March 20, 2018, March 27, 2018, April 17, 2018, and May 1, 2018, attached as Exhibits A-D, the Provider Reimbursement Review Board granted the hospitals' request for expedited judicial review based on its findings that the Secretary has not acquiesced in the decision in *Allina*, that the Board therefore remains bound by the terms of the 2004 rule on the treatment of part C days in the DSH payment calculation, 42 C.F.R. § 412.106(b)(2)(i)(B) and (b)(2)(iii)(B) (2004), and the Board lacks authority to decide the validity of the DSH part C policy adopted in the 2004 rule and applied in the payment determinations at issue.

42.    By the filing of this Complaint, the plaintiff hospitals have timely commenced this action for judicial review under 42 U.S.C. § 1395oo(f)(1).

## ASSIGNMENT OF ERRORS

43.     The Medicare statute provides for judicial review of the question presented here "pursuant to the applicable provisions under chapter 7 of title 5," *i.e.*, the APA.  42 U.S.C. § 1395oo(f)(l).

44.     The applicable provisions of the APA provide that the "reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . .(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence[.]"  5 U.S.C. § 706(2).

45.     The Secretary's calculation of the plaintiff hospitals' DSH payments is procedurally and substantively invalid, and should be set aside because the agency's application of the part C policy is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, in excess of statutory authority, without observance of procedure required by law, and unsupported by substantial evidence, including for (but not limited to) the reasons more specifically described below.

46.     The Secretary's DSH determinations are procedurally invalid under the Medicare Act, 42 U.S.C. § 1395hh.  The Medicare Act requires notice and comment rulemaking for a "rule," a "requirement" or a "statement of policy" that "establishes or changes a substantive legal standard governing … the payment for services."  42 U.S.C. § 1395hh(a)(2).  *See Allina II*, 863 F.3d at 942 (finding that Secretary "violated" the rulemaking provisions of the Medicare Act under 42 U.S.C. § 1395hh(a)(2) by failing to provide for notice and comment).

47.     Further, the Medicare Act provides that if a final rule is not a logical outgrowth of a proposed rule, then it "shall not take effect" until there is further opportunity for comment and publication again as a final rule.  42 U.S.C. § 1395hh(a)(4).  *See Allina II,* 863 F.3d at 945 (the

Secretary violated 42 U.S.C. § 1395hh(a)(4) by not providing a 'further opportunity for public comment and a publication of the [2004] provision again in a final regulation" before reimposing the 2004 rule vacated for a logical outgrowth failure). This Court has already ruled, and the Court of Appeals has affirmed this Court's ruling, that the 2004 rule was not a logical outgrowth of the proposed rule.

48. The Secretary's DSH payment determinations are also invalid under the APA's notice-and-comment rulemaking requirement. Under established circuit precedent applying the APA, "[u]nless and until [an agency] amends or repeals a valid legislative rule or regulation, [the] agency is bound by such a rule or regulation," *Am. Fed'n of Gov't Emps. v. Fed. Lab. Rels. Auth.*, 777 F.2d 751, 759 (D.C. Cir. 1985). The pre-2004 regulation, which was restored by the Court's vacatur in *Allina I*, dictates the exclusion of part C days from the number of part-A-entitled days in the Medicare DSH calculation. That pre-2004 regulation specifies that the part A/SSI fraction includes only "covered" patient days, *see* 42 C.F.R. §§ 412.106(b)(2)(i) (2003), meaning days paid under part A. *Id.* § 409.3; *see also Catholic Health Initiatives Iowa Corp. v. Sebelius*, 718 F.3d 914, 921 n.5 (D.C. Cir. 2013). Part C days are not covered by part A because payment by private part C Medicare Advantage plans for services furnished to their part C patients is *not* payment by part A. *See* 42 U.S.C. § 1395w-21(a)(1); *Northeast Hosp. Corp. v. Sebelius*, 657 F.3d 1, 6 (D.C. Cir. 2011). The Secretary cannot effectively amend the pre-2004 reinstated legislative rule except through notice and comment rulemaking. What an agency does through notice and comment can only be undone by notice and comment. *See Nat'l Fam. Plan. & Reprod. Health Ass'n, Inc. v. Sullivan*, 979 F.2d 227, 241 (D.C. Cir. 1992) ("Once a regulation is adopted by notice-and-comment rulemaking . . . its text may be changed only in that fashion.")

(quoting *Homemakers N. Shore, Inc. v. Bowen*, 832 F.2d 408, 413 (7th Cir. 1987) (Easterbrook, J.)).

49.     The Secretary's DSH payment determinations are substantively invalid because the agency did not "consider the matter in a detailed and reasoned fashion" in adopting the 2004 rule (or otherwise) and the part C days policy adopted in that rule is not "consistent with the underlying statutory scheme in a substantive sense." *ITT Indus., Inc. v. NLRB*, 251 F.3d 995, 1004 (D.C. Cir. 2001).  Further, the Secretary has not acknowledged that the policy adopted in the 2004 rule departed from the pre-existing rule and practice regarding the treatment of part C days in the DSH payment and has not explained any good reason for that change.  *See FCC v. Fox Television Stations, Inc*., 556 U.S. 502, 515 (2009).  Likewise, the Secretary has never acknowledged the enormous adverse financial impact on hospitals of the 2004 policy change, nor has the Secretary ever explained why the policy change is appropriate despite that adverse impact on the nation's safety-net hospitals, like the plaintiff hospitals, that shoulder the financial burden of treating a disproportionate share of low-income patients.

50.     The Secretary's new policy treating part C days as part A days is also contrary to the intent of Congress in enacting the DSH statute and fails the reasonableness test under *Chevron* step two.  *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc*., 467 U.S. 837 (1984).  The policy "conflict[s] with the policy judgments that undergird the statutory scheme." *Health Ins. Ass'n of Am., Inc. v. Shalala*, 23 F.3d 412, 416 (D.C. Cir. 1994), and is impermissible, *see Goldstein v. SEC*, 451 F.3d 873, 883 (D.C. Cir. 2006) (rejecting policy under *Chevron* step two where it was not "rational when viewed in light of the policy goals underlying the" applicable statute).

**REQUEST FOR RELIEF**

51.     The plaintiff hospitals request an Order:

a.      declaring invalid and setting aside the Secretary's final decision including part C days in the part A/SSI fraction and excluding part C patient days from the numerator of the Medicaid fraction used to calculate the plaintiff hospitals' Medicare DSH calculations for the cost reporting periods at issue;

b.      directing the Secretary to recalculate the plaintiff hospitals' DSH payments consistent with that Order and to make prompt payment of any additional amounts due the plaintiff hospitals, plus interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2);

c.      requiring the Secretary to pay legal fees and cost of suit incurred by the plaintiff hospitals; and

d.      providing such other relief as the Court may consider appropriate.

Respectfully Submitted,


/s/ Christopher L. Keough
Christopher L. Keough
  DC Bar No. 436567
J. Harold Richards
  DC Bar No. 469524
Alex J. Talley
  DC Bar No. 1020488
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
Phone: (202) 887-4038
Fax: (202) 887-4288
ckeough@akingump.com

Counsel for Plaintiffs


Dated:  May 17, 2018